UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER VEGA,<br><br>        Plaintiff,<br><br>  v.<br><br>KAYLA BOLAN, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:20-CV-00710<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* plaintiff Walter Vega, an inmate incarcerated at the Dauphin County Prison, commenced the instant action on April 29, 2020, asserting claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights against Dauphin County Deputy District Attorney Kayla Bolan, Pennsylvania Magisterial Judge Michael Smith, and the Commonwealth of Pennsylvania (collectively, "Defendants"). (Doc. 1, at 2). Vega seeks compensation and release. (Doc. 1, at 3). After commencing this action, Vega filed a motion for leave to proceed *in forma pauperis*. (Doc. 6). In addition, Vega filed a writ of habeas corpus in this Court on May 11, 2020, and it is currently under review. *Vega v. Commonwealth of PA (Dauphin County), et al.*, No. 3:20-cv-766 (M.D. Pa. *filed* May 11, 2020).

This matter is now before the Court pursuant to its statutory obligation to screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), as well as for a decision on Vega's motion for leave to proceed *in forma pauperis*. (Doc. 6). For the following reasons, the Court finds that dismissal is warranted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), but that Vega should be granted leave to file an amended complaint. Vega's motion to proceed *in forma pauperis* (Doc. 6) is **GRANTED**.

I. **BACKGROUND**

Liberally construing Vega's complaint, he appears to assert that since December 15, 2019, when he was charged with trespassing, Defendants have been depriving him of due process rights. (Doc. 1, at 2). He alleges that Bolan altered an affidavit to fit charges brought against him, despite the victims not wanting to press charges. (Doc. 1, at 2). Vega avers that Defendant Smith denied him a preliminary hearing, his right to cross-examine witnesses, and instituted excessive bail. (Doc. 1, at 3). Finally, Vega submits that the Commonwealth of Pennsylvania institutes enslavement by demanding cash bail. (Doc. 1, at 3).

Vega seeks "a full extinguishment of the charges, [] a full accounting done, [] a release of all financial performance on my name, [and] 'just compensation' for every violation attributed to my Debtor." (Doc. 1, at 3). Vega acknowledges in his Complaint that he also filed a writ of habeas corpus in an effort to remedy the same issues. (Doc. 1, at 2). Vega's petition for a writ of habeas corpus is filed under docket number 3:20-cv-00766 and **is currently under consideration by this Court**.

II. **LEGAL STANDARDS**

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because

Vega is suing government officials and seeks to proceed *in forma pauperis*, both provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, every complaint, including that filed by a *pro se* litigant, is subject to the pleading requirements as articulated in Rule 8(a) of the Federal Rules of Civil Procedure,

which requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Vega asserts claims pursuant to 42 U.S.C. § 1983. (Doc. 1, at 1). In order to state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir.2009). The "under color of state law" element of § 1983 means that the statute does not apply to "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

**III.   DISCUSSION**

To the extent that Vega is challenging the fact or duration of his confinement, the proper avenue is a petition for writ of habeas corpus; prisoners cannot challenge the fact or duration of confinement through a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner desires to challenge the validity of confinement, the proper avenue is a writ of habeas corpus. *Preiser,* 411 U.S. at 500. A prisoner may challenge the fact or duration of confinement through a § 1983 action only after it has already been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Again, **Vega filed a writ of habeas corpus in this Court on May 11, 2020, and it is currently under review.** *Vega v. Commonwealth of PA (Dauphin County), et al.*, No. 3:20-cv-766 (M.D. Pa. *filed* May 11, 2020).

To determine if the fact or duration of confinement is, in fact, being challenged, the Court must ask whether a win for the prisoner on the § 1983 action would necessarily imply

that his confinement is invalid. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Although Vega does allege deprivations of his constitutional rights resulting from his prosecution, he also implies that his resulting confinement is invalid and asks for his release. He asserts that materials used to secure his conviction were altered and that he was not given adequate opportunity to mount a defense. (Doc. 1, at 2-3). Therefore, Vega appears to be challenging the validity of his confinement, which he is properly pursuing through his writ of habeas corpus. *See Preiser*, 411 U.S. at 500; *see also Vega v. Commonwealth of PA (Dauphin County), et al.*, No. 3:20-cv-766 (M.D. Pa. *filed* May 11, 2020).

## IV. LEAVE TO AMEND

The Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As the complaint in its current form does not set forth any claims against the Defendants, dismissal is warranted. However, to preserve Vega's rights as a *pro se* litigant, the Court will grant him leave to file an amended complaint setting forth any factual allegation and legal claims which qualify for § 1983 recourse. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also allege actions not amounting to a challenge to the fact or duration of Vega's confinement. *See Williams v. Consovoy*, 453 F.3d 173, 177. Further, it must be "simple, concise, and direct" as required by Rule 8(d)(1). **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety**.

V. **C**ONCLUSION

For the following reasons, the Court finds that dismissal is warranted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915, but that Vega should be granted leave to file an amended complaint. Vega will be granted leave to file an amended complaint within **thirty (30) days**. Additionally, Vega's motion to proceed *in forma pauperis* (Doc. 6) is **GRANTED and the Complaint is deemed filed**.

An appropriate Order follows.

BY THE COURT:

Dated: August 18, 2020

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**